IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACKI JURA, | ) | CIVIL NO. 11-00338 SOM-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | (1) GRANT IN PART AND DENY IN |
| vs. | ) | PART DEFENDANTS COUNTY OF MAUI |
| | ) | AND BENJAMIN M. ACOB'S BILL OF |
| COUNTY OF MAUI; BENJAMIN M. | ) | COSTS; AND (2) GRANT IN PART |
| ACOB; MARIE J. KOSEGARTEN, | ) | AND DENY IN PART DEFENDANT |
| | ) | MARIE J. KOSEGARTEN'S BILL OF |
| Defendants. | ) | COSTS |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY
IN PART DEFENDANTS COUNTY OF MAUI AND BENJAMIN M. ACOB'S
BILL OF COSTS; AND (2) GRANT IN PART AND DENY IN PART
DEFENDANT MARIE J. KOSEGARTEN'S BILL OF COSTS[1]

Before the Court is (1) Defendants County of Maui and Benjamin M. Acob's ("County Defendants") Bill of Costs, filed on October 30, 2012; and (2) Defendant Marie J. Kosegarten's Bill of Costs, filed on October 31, 2012. ECF Nos. 152, 153. Plaintiff Jacki Jura filed Objections to both Bills of Costs on November 7, 2012. ECF No. 156. County Defendants filed a Reply on November 8, 2012. ECF No. 159. Ms. Kosegarten filed a Reply on November 9, 2012. ECF No. 160. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Hawaii.  After a review of the parties' submissions and the relevant authority, the Court FINDS and RECOMMENDS that the Bills of Costs be GRANTED IN PART and DENIED IN PART.

BACKGROUND

On October 17, 2012, the Clerk entered judgment in favor of Defendants based on the court's order granting Defendants' motion for summary judgment.  See ECF Nos. 149, 150.  Plaintiff filed a motion for reconsideration on October 31, 2012, which is still pending before the court.  See ECF No. 154.

ANALYSIS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Plaintiff concedes that Defendants are the prevailing parties in this action.  In their Bills of Costs County Defendants request $2,640.64 and Ms. Kosegarten requests $3,019.93.  ECF No. 152 at 1; ECF No. 153 at 1.  Plaintiff raised four issues in her Objections to the Bills of Costs, which are addressed in turn below.  See ECF No. 156 at 3-6.

**1. Costs Incurred by Ms. Kosegarten**

Plaintiff argues that Ms. Kosegarten should not be allowed to recover any costs because Ms. Kosegarten has been indemnified by the County of Maui.  See ECF No. 156 at 5-6.

2

Plaintiff contends that Defendants coordinated their defense in this action and the separate costs requested by Ms. Kosegarten are duplicative.  Id. at 5.  Plaintiff also asserts that Ms. Kosegarten has not established that the costs requested were actually incurred by her because the County of Maui paid for her defense.  Id. at 6.  Ms. Kosegarten asserts that the costs incurred are not duplicative because she is being represented by separate counsel in this action.  ECF No. 160 at 3.  Additionally, Ms. Kosegarten contends that she has provided sufficient support to demonstrate that all of the costs requested were actually incurred by attaching the appropriate itemization and invoices to her Bill of Costs.  Id.  The Court agrees that Ms. Kosegarten's costs were necessary for her separate representation in this matter and that the invoices provided are sufficient evidence that the costs were actually incurred.  See ECF No. 153 Exs. A and B.

### 2.  Deposition Costs

Local Rule 54.2(f)(2) provides that the cost of deposition transcripts are taxable if they were "necessarily obtained for use in the case."  LR54.2(f)(2); see also 28 U.S.C. § 1920(2).  The rule also states that the deposition need not be used at trial or introduced in evidence, but only that at the time it was taken "it could reasonably be expected that the

deposition would be used for trial preparation, rather than mere discovery." LR54.2(f)(2).

Defendants request costs for four deposition transcripts. ECF No. 152-2 at 2; ECF No. 153-2 at 2. Plaintiff argues that the costs for three of these deposition transcripts are not taxable because the depositions of Graham Consulting Group, G. Michael Graham, and Robert Rivera were taken "merely for discovery purposes and could not be reasonably expected to be used as evidence in trial at the time of the deposition." ECF No. 156 at 4-5. The Court disagrees. Based on the explanations provided by Defendants, it was reasonable to expect that these three depositions would be used for trial preparation. Specifically, it was reasonable to expect that the depositions of Graham Consulting Group and Dr. Graham, Plaintiff's damages expert, would have been used in trial preparation including preparing Defendants' experts to rebut Dr. Graham's opinions. See ECF No. 159 at 5; ECF No. 160 at 2-3. It was also reasonable to expect that the deposition of Mr. Rivera would have be used for trial preparation because he was the only witness deposed by Plaintiff and it was likely that Plaintiff would have called Mr. Rivera as a trial witness. See ECF No. 159 at 5. Additionally, both the County Defendants and Ms. Kosegarten relied on Mr. Rivera's deposition in support of their motions for summary judgment. See ECF No. 159 at 5-6 (citing ECF No. 149 at 29); ECF

No. 160 at 2 (citing ECF No. 134 at 9-10).  The Court FINDS that Defendants sufficiently demonstrated that all of the deposition transcript costs requested by Defendants ($2,437.74 by County Defendants; $2,728.88 by Ms. Kosegarten) were necessarily obtained for use in the case and are taxable.

### 2. Copying Costs

Local Rule 54.2(f)(4) allows for recovery of copying costs if the requesting party "submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.2(f)(4); see also 28 U.S.C. § 1920(4).  County Defendants request $72.90, and Ms. Kosegarten requests $66.07 in copying costs.  ECF No. 152-2 at 4; ECF No. 153-2 at 2.  Plaintiff objects to these costs because Defendants did not provide "the use of or intended purpose for the items copied" as required by the Local Rule in their itemization of costs.  ECF No. 156 at 5.

In her Reply, Ms. Kosegarten specified that the two copies made were provided to the court as courtesy copies.  ECF No. 160 at 2.  Accordingly, the Court FINDS that Ms. Kosegarten has satisfied the requirements of Local Ruel 54.2(f)(4) and is entitled to her requested costs for copying ($66.07).

However, County Defendants did not provide similar information in their Reply.  See ECF No. 159 at 6-7.  Contrary to County Defendants' assertion, the use for the three copies of

each document identified in their Bill of Costs is not "obvious." See id. at 6; ECF No. 152-2 at 4.  Although the court requires two courtesy copies, there is no indication in County Defendants' Bill of Costs the intended use of the third copy of each of the documents.  The Court FINDS that the County Defendants have not sufficiently fulfilled the requirements of LR54.2(f)(4) as to the third copy of each document requested and are only entitled to costs for two copies of each document requested ($48.60[2]).

### 3. Subpoena Costs for Arctic Insulation

Local Rule 54.2(f)(1) allows for the recovery of fees for the service of subpoenas if the fees were "reasonably required and actually incurred."  LR54.2(f)(1).  Plaintiff only challenges the costs requested by Ms. Kosegarten for service of a subpoena on Arctic Insulation.  See ECF No. 156 at 5-6. Plaintiff asserts that this cost was not justified because Arctic Insulation "has nothing to do with this case" and was mistakenly subpoenaed because "Plaintiff used Arctic Insulation's address for a short period of time after moving to Alaska."  Id. at 6. Plaintiff asserts that Ms. Kosegarten "failed to make a reasonable inquiry to determine the need and propriety of the subpoena before issuing it."  Id.  In her Reply, Ms. Kosegarten contends that Plaintiff has not pointed to any case law that requires the requesting party to make a reasonable inquiry to

---

[2] (162 pages x 2 copies) x 0.15 per page = $48.60

determine the need and propriety of a subpoena before issuing it. Ms. Kosegarten provides no further information regarding why the subpoena to Arctic Insulation was issued.  Without such information the Court is unable to determine whether such costs were "reasonably required" and FINDS that County Defendants are not entitled to such costs.  See LR54.2(f)(1).

## CONCLUSION

The Court RECOMMENDS that the district court (1) GRANT County Defendants' request for $2,616.34[3] in costs and DENY the remaining costs requested; and (2) GRANT Ms. Kosegarten's request for $2,954.93[4] in costs and DENY the remaining costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 14, 2012.



Richard L. Puglisi
United States Magistrate Judge

**JURA v. COUNTY OF MAUI, ET AL.; CIVIL NO. 11-00338 SOM-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART COUNTY DEFENDANTS' BILL OF COSTS; AND (2) GRANT IN PART AND DENY IN PART DEFENDANT KOSEGARTEN'S BILL OF COSTS**

---

[3] $2,437.74 for deposition transcripts + $48.60 for copying costs + $130.00 for subpoena service = $2,616.34

[4] $2,728.88 for deposition transcripts + $66.07 for copying costs + $64.98 for witness fees + $95.00 for subpoena service = $2,954.93