IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACKI JURA | ) | CIVIL. NO. 11-00338 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, a municipal corporation of the State of Hawaii; BENJAMIN M. ACOB, in his official and individual capacity; and MARIE J. KOSEGARTEN, in her official and individual capacity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION.**

On October 17, 2012, the court granted a summary judgment motion brought by Defendants County of Maui, Benjamin Acob and Marie Kosegarten on all of Plaintiff Jacki Jura's claims.  ECF No. 149.  Jura now seeks reconsideration of the court's ruling with regard to (1) her retaliation claims; and (2) her claims for sexual harassment and hostile work environment.

Jura says that "it is clear that the [c]ourt either misinterpreted" federal and state anti-retaliation laws "or interpreted them based upon an unpublished decision of the Eleventh Circuit in McConnell v. Westpoint Stevens, Inc., 168 Fed. App'x 911 (11th Cir. 2006), rather than the controlling precedent of the United States Supreme Court and the Ninth

Circuit." Motion for Reconsideration ("Motion") at 2, ECF No. 154. Jura also says that the court erroneously granted summary judgment on her sexual harassment and hostile work environment claims because "Plaintiff has alleged sufficient facts from which a jury could find sexual harassment and hostile work environment." Id. The court, having reviewed the matters argued by Jura, denies her motion.

**II.      STANDARD OF REVIEW.**

Jura seeks reconsideration pursuant to Local Rule 60.1(c) and Rule 59(e) of the Federal Rules of Civil Procedure. Local Rule 60.1(c) is inapplicable here. Local Rule 60.1(c) addresses a motion for reconsideration of an interlocutory order based on a "[m]anifest error of law or fact." Because Jura is seeking reconsideration of a final judgment, reconsideration should be sought under either Local Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. The result would be the same under either rule.

In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D.

2

Haw. 2006); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Courts have established three grounds justifying reconsideration under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Galiher, 60 F. Supp. 2d at 1059. A party's mere disagreement with the court does not justify reconsideration. See Hele Ku KB, LLC v. BAC Home Loans Serv., LP, 2012 WL 1987165, *19 (D. Haw. May 31, 2012); Dep't of Educ. v. M.F., 2012 WL 639141, *1 (D. Haw. Feb. 28, 2012); White, 424 F. Supp. 2d at 1274. Jura relies on "the need to correct clear error or prevent manifest injustice," pointing to no change in controlling law or new evidence.

Rule 60(b)(6) allows the court to relieve a party from a final judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

**III.    ANALYSIS.**

Jura's Motion begins by requesting reconsideration of the court's ruling on her sexual harassment and hostile work

environment claims, see Motion at 2, but then focuses only on the court's ruling on her retaliation claims.  When Defendants point that out, Jura responds that the arguments supporting her sexual harassment and hostile work environment claims are "merely an extension and [are] in essence the same" as her arguments regarding her retaliation claims.[1]  Reply at 2-3.  The court therefore deems Jura's reconsideration motion as to her sexual harassment and hostile work claims to be identical to the reconsideration sought with respect to her retaliation claims, and any discussion in the present order applies with equal force to the sexual harassment, hostile work environment, and retaliation claims.

Jura says that this Motion was her "first opportunity to brief the issue of a prima facie case for retaliation, and specifically the requirement that the plaintiff engaged in a 'protected activity.'" Motion at 6.  She argues that the court's Order "relied exclusively" on McConnell v. Westpoint Stevens, Inc., 168 Fed. App'x 911 (11th Cir. 2006).  According to Jura, McConnell is inapposite and, in any event, "the standard

---

[1] Jura also complains for the first time in her reply brief about the court's rendition of the facts in this case.  In response, Defendants have filed a Motion to Strike Arguments Raised for the First Time.  See ECF Nos. 167, 168.  Local Rule 7.4 provides that "[a] reply must respond only to the arguments raised in the opposition.  Any argument raised for the first time in the reply shall be disregarded."  The court therefore declines to consider Jura's new arguments and denies Defendants' Motion to Strike as moot.

applicable in the Eleventh Circuit is distinct from the standard applicable in the Ninth Circuit." Id. 7-8.

To begin, this Motion is not Jura's first opportunity to address the issue of a prima facie case for retaliation. As the plaintiff, Jura has had the burden of making out a prima facie case from the start. Certainly that burden was in issue once Jura was faced with summary judgment motions. See Strother v. Southern California Permanente Med. Group, 79 F.3d 858, 868 (9th Cir. 1996) ("To avoid summary judgment on an unlawful retaliation claim, a plaintiff must first produce evidence supporting a *prima facie* case of employment discrimination."). Jura's burden of establishing a prima facie case was expressly referred to on pages 6 and 7 of the memorandum in support of Defendants County of Maui and Benjamin Acob's Amended Motion for Summary Judgment. ECF No. 94. Jura herself refers to her burden of setting forth a prima facie case at page 22 of her memorandum in opposition to that summary judgment motion! ECF No. 119. It was because she did not carry her burden that the court granted summary judgment to Defendants on her retaliation claims.

Second, Jura's claim that the court "relied exclusively" on McConnell is belied by the court's Order. See Order at 25-34 (citing federal statutes, Ninth Circuit cases, Hawaii Supreme Court cases, and a case from the United States Supreme Court).

5

Third, Jura is unpersuasive in arguing that the standard applied in McConnell is somehow different from the standard applicable in the Ninth Circuit. Jura complains that the Eleventh Circuit requires a plaintiff to establish "not only that she *subjectively* believed her employer was engaged in unlawful employment practices, but also that her belief was *objectively* reasonable." Motion at 8. Jura says "the usual formulation of the test in the Ninth Circuit appears more liberal, emphasizing the remedial and prophylactic purposes of the statute." Id. The cases that Jura cites in an attempt to distinguish the Ninth Circuit's approach from that taken by the Eleventh Circuit in McConnell, however, also require a plaintiff to have a reasonable belief that the conduct in question violated Title VII. See, e.g., Sias v. City Demonstration Agency, 588 F.2d 692, 695-96 (9th Cir. 1978) ("Although the court made no explicit finding that Sias' opposition was based on a reasonable belief that the City's employment practices violated Title VII, such a finding is implicit here."); Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994) ("[O]pposition clause protection will be accorded whenever the opposition is based on a reasonable belief that the employer has engaged in an unlawful employment practice." (internal quotation marks and citations omitted)).

Jura cites various cases that she says support her contention that there was "a triable issue of fact for the jury

6

as to whether Plaintiff had an objectively reasonable belief that she was reporting sexual harassment under the Ninth Circuit's standard." Motion at 16. None of these cases supports Jura's assertion that it was objectively reasonable for her to believe that her employer was engaged in unlawful employment activity. None addresses a situation akin to this one, in which Jura admitted that the "only thing" motivating Marie Kosegarten was Kosegarten's personal jealousy over what she thought was Jura's romantic involvement with Timothy Tate.

The Iowa Supreme Court, construing Iowa's employment discrimination law, has recently reached a conclusion similar to that reached by this court. In Nelson v. James H. Knight, DDS, P.C., 2012 WL 6652747 (Iowa Dec. 21, 2012), the court considered a sex discrimination claim by a plaintiff who had been fired by her employer, a dentist, who said that the plaintiff had not engaged in any misconduct. Rather, the employer expressed concern that the relationship might lead to an affair. Indeed, the employer's wife had demanded that the employee be fired. The Iowa Supreme Court said it had to decide whether an employee could be lawfully terminated for being "an irresistible attraction." Even though the employee would not have been an irresistible attraction but for being a woman, the court said a decision based on personal relations was distinguishable from a

decision based on gender itself.  The court concluded that there had not been unlawful employment discrimination.

This court similarly concludes that the record contains evidence of personal jealousy, but not of unlawful employment discrimination or retaliation.  As this court noted earlier, "Jura fails to meet her minimal burden of making out a prima facie retaliation case under either federal or state law."  Order at 31.  Moreover, even after finding that Jura had failed to establish a prima facie case, the court undertook the burden-shifting analysis and determined that Defendants had articulated a legitimate, nondiscriminatory reason for terminating Jura and that Jura had failed to demonstrate that the reason was a pretext for unlawful retaliation.  Order at 31-35.  Jura does not demonstrate a need to correct clear error or prevent manifest injustice.  Her reconsideration motion therefore fails.

**IV.     CONCLUSION.**

Because Jura fails to demonstrate any reason for this court to reconsider the order of October 17, 2012, her Motion, ECF No. 154, is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 27, 2012.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Jacki Jura v. County of Maui, a municipal corporation of the State of Hawaii; Benjamin M. Acob, in his official and individual capacity; and Marie J. Kosegarten, in her official and individual capacity; Civ. No. 11-00338 SOM/RLP; ORDER DENYING MOTION FOR RECONSIDERATION

9