IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACKI JURA, )<br> )<br> Plaintiff, )<br> )<br> vs. )<br> )<br>COUNTY OF MAUI; BENJAMIN M. )<br>ACOB, in his official and )<br>individual capacity; and )<br>MARIE J. KOSGARTEN, in her )<br>official and individual )<br>capacity, )<br> Defendants. )<br> )<br>_____ ) | CIV. NO. 11-00338 SOM/RLP<br><br>ORDER REJECTING ADDITIONAL<br>SANCTIONS ORDER |

**ORDER REJECTING ADDITIONAL SANCTIONS ORDER**

**I. INTRODUCTION.**

 The court sanctioned Plaintiff Jacki Jura $3,994.20 for failing to attend an independent psychological examination. When Jura failed to pay this sanction or even respond to requests to do so, Defendants County of Maui and Benjamin Acob (collectively, "County of Maui") moved for further sanctions, which the Magistrate Judge granted. Additionally, the Magistrate Judge ordered that Jura would be held in contempt if she failed to make $250 monthly payments. Jura now appeals. Reviewing the matter de novo, this court rejects that decision, determining that, because Jura has clearly demonstrated that she is currently unable to comply with the original sanction, the Magistrate Judge erred in imposing further sanctions on Jura for her failure to

pay that sanction and erred in forcing Jura to comply with a court-ordered payment schedule or be held in contempt of court.

**II.     BACKGROUND.**

On November 19, 2012, the court sanctioned Jura $3,994.20 ($2,094.20 for a late cancellation fee and $1,900.00 in attorneys' fees) for having failed to attend an independent psychological examination. See ECF No. 164. Jura did not appeal this order and does not dispute that she is obligated to pay this sanction.

On January 4, 2013, the County of Maui sent a letter to Jura's counsel, demanding payment of the sanction and threatening to file a motion to have Jura held in contempt. See ECF No. 182-2. On September 4, 2013, the County of Maui reiterated its demand for payment and threat to file a motion. See ECF No. 182-3. At a hearing on November 14, 2013, Jura's counsel represented to the Magistrate Judge that these letters had been forwarded to Jura.

There is no dispute that the County did not receive a response to either letter.

On October 1, 2013, the County of Maui moved for further sanctions, arguing that Jura had failed to comply with the original sanction order of November 19, 2012. See ECF No. 182. The further sanctions motion sought an additional $920 sanction for additional attorneys' fees incurred in bringing the

motion and an order that Jura, herself an attorney, be held in contempt if she failed to pay the sanction by a deadline set by the court. Id.

On October 2, 2013, the Magistrate Judge issued a Notice of Hearing and an Order to Show Cause that required Jura to explain why she should not be held in contempt for having failed to comply with the original sanction order. See ECF No. 183.

On October 16, 2013, Jura filed her written opposition to the motion for further sanctions, arguing that she "was not able to pay the sanctions because she did not have the money to pay." See ECF No. 184 at 2, PageID # 2170. Jura supported this statement by submitting her own declaration, ECF No. 184-1. Her declaration stated:

> 3. I have not paid the monetary sanctions imposed on me by the Court's Order Granting in Part and Denying in Part County Defendants' Motion for Sanctions because I have not been able financially to do so due to lack of funds from which a payment could be made.
>
> 4. My inability to comply with the Order was caused by extenuating financial circumstances and not by my unwillingness to comply.
>
> 5. Simply stated, I was not able to pay the sanctions because I did not have the money to pay.
>
> . . . .

8.  I have diligently sought permanent employment since my termination at the Prosecuting Attorney's Office of the County of Maui, but my efforts have been unsuccessful.

. . . .

11. My last employment was a temporary position as a trust officer with the Alaska USA Trust Company in Anchorage, Alaska, which ended involuntarily on July 31, 2012, due to my lack of the knowledge, skills, and experience that the position required since I am trained as an attorney and not a trust officer.

12. After losing the job with the Alaska USA Trust Company I was left with no money and no ability to afford to even travel back to Hawaii.

13. I started receiving unemployment benefits in the amount of approximately $800 per month, which was not enough to cover my living expenses, but my unemployment benefits have recently expired.

14. I currently have no income and I am not able to pay my living expenses, let alone payment of my debts as they mature.

15. Because I was not able to afford to pay the rent of approximately $1,150 plus the utilities, I recently moved out of the apartment I was renting for about a year and I am currently staying with a friend as a guest.

16. I have no health insurance and I cannot even afford to pay for a replacement hearing aid which I need due to my hearing impairment.

17. I have substantial debts, which in addition to the monetary sanctions imposed by the Court's Order, include prior student loans I took to complete my education and my

>     law degree, as well as credit card debts and
>     debts to individuals who assisted me
>     financially during the recent years of my
>     unemployment.

See E.C. No. 184-1. The clear import of Jura's declaration is that she lacks the ability to pay her living expenses and other debts.

Jura then detailed the substantial amounts she owes to various companies and individuals, concluding that she is "financially insolvent due to [her] continuing unemployment" and noting that she "exhausted [her] ability to take on additional debt a long time ago." See ECF. No. 184-1, ¶¶ 18-23. She further stated, "I do not have an income stream that could generate the funds needed to pay the sanctions or to travel to Hawaii to appear at the hearing of the present Motion and answer the Court's Order to Show Cause." Id. ¶ 24.

On November 14, 2013, the further sanctions motion came on for hearing before the Magistrate Judge assigned to this case. The recording of the hearing shows that the Magistrate Judge was rightly troubled by Jura's failure to respond to the letters inquiring about whether she would be paying the sanction order. Because Jura is a member of the Hawaii bar, the Magistrate Judge noted that Jura's failure to obey a court order seemed problematic. Although the Magistrate Judge "hated to impose" additional sanctions on someone who might not have the assets to satisfy the sanction, he stated that he felt obligated to grant

the motion for further sanctions because Jura's declaration had not satisfied the Ninth Circuit's requirements relating to an "impossibility defense."  The Magistrate Judge denied Jura's counsel's request to call her on the phone and did not respond to a suggestion that Jura be allowed to file a supplemental declaration that would clarify her financial situation.

On November 14, 2013, the Magistrate Judge filed a written order granting the motion for further sanctions, sanctioning Jura an additional $920, ordering that she pay $250 per month until the entire sanction was paid, and warning Jura that failure to timely submit the monthly payments would result in her being held in contempt of court.  See ECF. No. 189.  In so ruling, the Magistrate Judge recognized that, "in cases of civil contempt for failure to comply with an order to pay court-imposed monetary sanctions, a party may use the impossibility defense where he or she is financially unable to comply due to poverty or insolvency."  See ECF. No. 189 at 5, PageID # 2202 (citing Cutting v. Van Fleet, 252 F. 100, 102 (9th Cir. 1918)).

In Cutting, the Ninth Circuit examined a contempt order for failure to pay a sanction.  Cutting noted that, "in cases of civil contempt for failure to comply with an order to pay money, the defendant may show in defense that he is financially unable to comply."  Id.  The Ninth Circuit placed the burden of demonstrating an inability to pay on the defendant, saying that a

6

showing of inability to pay the sanction must be "satisfactory" and "must clearly appear."  Id.  The Ninth Circuit held that the defendant in Cutting had not met that burden by submitting an affidavit stating only that he "ha[d] been and [was] now unable to comply with the terms of said order" because during the relevant time he had not had "sufficient means, and is and has been during all of said time financially unable to pay said sum of $500."  Id.  The Ninth Circuit reasoned that the affidavit was insufficient because it failed "to state that the appellant owns no property, real or personal, out of which $500 could be realized, or that he has no property concealed, or transferred to others, or other resources out of which he might pay the required sum."  Id. at 102-03.

Like the Ninth Circuit in Cutting, the Magistrate Judge reasoned that Jura's affidavit was insufficient to meet her burden of demonstrating an inability to pay the sanction order.  The Magistrate Judge faulted Jura for having failed to even attempt to take any steps to relieve herself of the burden of the sanction order or to respond to the County of Maui's letters about it.  The Magistrate Judge reasoned that Jura had not met her burden because her affidavit did not specifically discuss whether she owns property or assets that could be used to pay the sanction.  See ECF. No. 189 at 8, PageID # 2205.  The Magistrate Judge therefore granted the County of Maui's request for further

7

sanctions and ordered Jura to pay the County of Maui $250 per month until the total sanction of $4,914.20 is paid. Id. at 9, PageID # 2206. The Magistrate Judge ordered that, absent timely payments, Jura "will be held in contempt of court." Id.

On November 27, 2013, Jura moved for reconsideration of the further sanctions order. See ECF. No. 190. In support of that motion, Jura attached another declaration in which she further explained her bleak financial situation. See ECF. No. 190-2. In addition to detailing her finances, Jura's declaration states, "I have no assets except for those inherent in my being and a '98 Honda. I do not have any gold, jewelry, stocks, bonds, real estate, land, expectancies, equipment, precious metals, artworks, pleasure crafts, boats, machines, furniture, rugs, musical instruments, treasures, or anything that would fetch even a modest prices. I have nothing." See ECF. No. 190-2, ¶ 8, PageID #s 2227-28.

On January 13, 2014, the Magistrate Judge denied Jura's reconsideration motion, reasoning that Jura had not initially demonstrated an inability to pay the original sanction and noting that, on a reconsideration motion, the court cannot examine new evidence such as Jura's new declaration. See ECF. No. 196 at 6-7, PageID #s 2262-63.

On January 27, 2014, Jura timely appealed the further sanctions order. See ECF. No. 197.

**III.     STANDARD.**

Because this matter involved a post-judgment request, and because no party objected to having a Magistrate Judge handle the matter, the court deems the Magistrate Judge to have determined the matter under 28 U.S.C. § 636(b)(3), which states, "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." See King v. Ionization Intel, Inc., 825 F.2d 1180, 1185 (7th Cir. 1987) ("No provision expressly authorizes the judge to assign a magistrate to post-judgment proceedings, although we can think of no good reason not to allow such assignments and the statute does have a catch-all section: 'A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.' 28 U.S.C. § 636(b)(3).").

It is not entirely clear what level of scrutiny this court applies when reviewing a matter under § 636(b)(3). In an abundance of caution, the court therefore treats the further sanction order as the Magistrate Judge's "findings and recommendation" and reviews this matter de novo. See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 n.2 (9th Cir. 1993); Rum v. County of Kauai, 2008 WL 2598138, *3 (D. Haw. June 30, 2008).

**IV.     ANALYSIS.**

Because Jura has satisfactorily demonstrated that she is financially unable to comply with the original sanction order of November 19, 2012, ECF. No. 164, the court rejects the further sanction order of November 14, 2013, ECF. No. 189.  In so ruling, the court disagrees with the Magistrate Judge's determination that Jura's original declaration of October 16, 2013, ECF. No. 184-1, was insufficient to demonstrate her inability to pay.

In Cutting, the Ninth Circuit ruled that, if a person makes a showing that he or she is financially unable to comply with an order to pay money, and that showing is "satisfactory" because "the inability to pay . . . clearly appear[s]," the person has a defense to a civil contempt proceeding for failure to comply with the order.  Id.  The Ninth Circuit determined that a person had not met that burden by submitting an affidavit that simply stated that the person had been and is now unable to comply with the order because he was and is financially unable to pay.  Because the person had not stated that he owned no property out of which money to pay the sanction could be realized and that he had not concealed or transferred any property to others, the Ninth Circuit determined that he had not met his burden under the circumstances of that case.  Id. at 102-03.

In the present case, Jura's original declaration of October 16, 2013, was much more detailed than the affidavit in

Cutting.  See ECF. No. 184-1.  Jura's declaration not only stated that she was financially unable to pay the sanction, but also noted that she had been unemployed since July 2012, that her unemployment benefits had recently expired, that she had no income to pay her living expenses, that she was staying with a friend because she could no longer afford her rent, that she had no health insurance and could not afford to purchase a hearing aid, and that she had substantial debts that she could not pay.  See id.  The clear import of these statements was that Jura had no money or other property from which she could pay her day-to-day living expenses or other debts.  This was simply not a situation in which Jura needed to say in her declaration that she owned no property and had not transferred or hidden any property from which she could pay the original sanction in this case.

Cutting is distinguishable on its facts because Jura's declaration satisfactorily and clearly demonstrated her inability to pay the original sanction.  Jura's declaration did not simply say that she had insufficient means to pay the sanction, as in Cutting.  The court therefore need not require her to have stated in her declaration that she owned no property from which she could get money to pay the sanction or that she had not otherwise hidden or transferred property to prevent collection on the debt.

11

In any event, at the hearing of November 14, 2013, counsel for Jura suggested that Jura be allowed to file a supplemental declaration that would track the language of Cutting. If the Magistrate Judge was concerned that Jura's declaration was misleading in that she might have property, hidden or otherwise, from which the sanction could be paid, he could have allowed her to submit a supplemental declaration like her declaration of November 27, 2013, ECF. No. 190-2. That declaration clearly demonstrates that Jura owns little property. The Magistrate Judge concluded that, because this second declaration included new facts available to Jura at the time of her original declaration, the new facts should not be considered on a motion for reconsideration. While this court sees no error in that conclusion, this court, reviewing the matter de novo, determines that Jura's further explanation of her financial difficulties via her supplemental declaration established that she could not afford the original sanction. Had the Magistrate Judge considered the supplemental declaration, it appears unlikely that the further sanctions would have been imposed.

On April 14, 2014, in fairness to the County of Maui, the court issued a minute order allowing the County of Maui, at its own expense, to examine Jura under oath concerning her claimed inability to pay the original sanction. See ECF. No. 206. The County of Maui deposed Jura and submitted a

supplemental brief concerning her inability to pay the sanction. See ECF. No. 210. The court has reviewed that brief and concludes that, even when the court considers the matters it raises, Jura has still satisfactorily demonstrated an inability to pay the original sanction.

The County of Maui complains that Jura has borrowed or received money from friends and family to purchase plane tickets, pay her bar dues, buy groceries, and pay her mobile phone bill, and has convinced a friend to let her live rent free at the friend's house. The County of Maui says that Jura made a student loan payment the month before she signed her declaration. The Magistrate Judge also noted that Jura managed to pay the $455 appeal fee for the underlying case. The County of Maui argues that Jura could have taken the money lent or given to her and used it to pay the sanction. Although there is no dispute that Jura has been able to pay certain bills, Jura has clearly established that she cannot pay all of her debts, and the facts indicate that she has been forced to choose which debts to pay. This court will not punish Jura for choosing how to spend money that her friends and family gave or lent to her, when those choices did not involve luxuries or display a profligate nature. Nor will this court force Jura to ask her friends and family to lend or give her money to pay the original sanction. This court

also refrains from ordering Jura to "show . . . serious effort to obtain employment" so that she can pay the sanction.

The court is not unsympathetic to the County of Maui's frustration in receiving no response from Jura's counsel to inquiries about payment of the original sanction. However, the court disagrees with the County of Maui's contention that the court should disregard Jura's declarations because she lacks credibility. Even assuming that her declaration was drafted to maximize the appearance of her inability to pay the sanction or to minimize her relationship with her mother, the County of Maui simply fails to demonstrate why her declarations should be completely disregarded. In other words, although the County of Maui takes issue with certain things Jura says in her declarations, it does not demonstrate that Jura was being untruthful in explaining her financial circumstances.

As the Ninth Circuit noted in <u>United States v. Drollinger</u>, 80 F.3d 389, 393 (9th cir. 1996), this "court should weigh all the evidence" when determining whether Jura has the present ability to pay the sanctions, which is a complete defense to civil contempt. When the court weighs all the evidence before it, including Jura's two declarations and her deposition testimony, the court concludes that Jura has met her burden of satisfactorily and clearly demonstrating that she currently lacks the present ability to pay the original sanction. The court

therefore excuses her failure to comply with the sanction order, rejects the Magistrate Judge's further sanction order, and denies the County of Maui's motion for further sanctions and for a contempt order. Of course, if Jura's financial situation changes, Jura should begin making payments on the original sanction.

**V.      CONCLUSION.**

Because the court determines that Jura has satisfactorily and clearly demonstrated that she cannot pay the original sanction, the court rules that she cannot be held in contempt of court for having failed to pay the sanction. The court therefore rejects the Magistrate Judge order that imposes further sanctions on Jura for her failure to pay the original sanction and relieves Jura of the obligation to pay $250 per month or be held in civil contempt.

The court leaves it to the County of Maui to collect on the original sanctions, if and/or when Jura is financially able to pay that sanction.

Although the court excuses Jura's noncompliance with the sanction order at this time, the court recognizes that Jura's inability to pay the sanction may change in the future. The court therefore requires Jura for three years from the date of this order or until the original sanction is paid, whichever occurs first, to inform the County of Maui whenever she begins

employment, including providing the County of Maui with the name and address of any employer and the title of her position. Additionally, if Jura becomes financially able to pay the sanction order, she should do so without having to involve the court.  In other words, if Jura becomes able to pay the sanction at some time in the future, she will lack the current excuse for her noncompliance and should comply with the terms of the order.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 13, 2014



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Jura v. County of Maui, et al., Civ. No. 11-00338 SOM/PLD; ORDER REJECTING ADDITIONAL SANCTIONS ORDER